## Benjamin Moore & Company, Plaintiff in Error, v. John W. Clark, Defendant in Error.

### Gen. No. 22,504.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J.
KEARNS, Judge, presiding. Heard in this court at the October term,
1916. Affirmed. Opinion filed February 19, 1917.

### Statement of the Case.

Action by Benjamin Moore & Company, plaintiff,
against John W. Clark, defendant, to recover the
amount of an unpaid balance due under an assign-
ment of part of the proceeds of the sale of stock of
defendant. From a judgment for defendant, plaintiff
brings a writ of error.

The subject-matter of this action was adjudicated
in an attachment suit in which plaintiff intervened,
and recovered a judgment in his favor and accepted
the amount thereof.

ELBERT C. FERGUSON, for plaintiff in error.

RICE, LOWES, O'NEIL & RICHARDS, for defendant in
error.

MR. JUSTICE DEVER delivered the opinion of the
court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

## Abstract of the Decision.

1. JUDGMENT, § 527*—*when res judicata as to rights of all parties in attachment suit.* A judgment in an attachment suit which adjudicates the rights of all parties properly before the court either by intervening petition or by valid service of process is binding upon all such parties and is *res judicata* of their rights in the subject-matter of the suit.

2. ESTOPPEL, § 16*—*when intervener in attachment suit may not claim that judgment was invalid.* An intervener in an attachment suit who recovered a judgment therein in his favor and accepted the sum found due cannot claim in another action that such judgment was invalid.

3. ATTACHMENT, § 250*—*when judgment is not erroneous in form.* Where the entry of a judgment in an attachment suit referring to the adjudication of the issue arising under an intervening petition was abbreviated but in such form that it was not at all difficult to determine its definite meaning, *held* that it was sufficient.